JAMES HERNDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARTHA.PAYNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32297, 32298. Promulgated January 21, 1930.

*Bruce A. Low, Esq.*, for the respondent.

### OPINION.

LANSDON: Under the provisions of section 280 of the Revenue Act of 1926 the respondent has determined liabilities against each of these petitioners in the amount of $567.89, as distributees, without consideration, of the assets of the estate of J. H. Herndon, deceased. On motion of counsel for respondent the two proceedings were consolidated for hearing and decision.

The petitioners plead a number of errors of the Commissioner affecting the tax liability of the original taxpayer. Neither appeared, was represented at the hearing, nor offered any evidence in support of such allegation of error. In these circumstances, the tax liability of the transferor as determined by the Commissioner is approved.

Counsel for the respondent accepted the burden of proving these petitioners liable as distributees of the estate of Herndon, and in support of his determination thereof offered in evidence an *ex parte* affidavit of a stranger to these proceedings, but alleged also to be a tranferee of assets of the Herndon estate. In the absence of any objection to such affidavit, counsel argues that it must be received in evidence.

The document in question was taken from the files of the respondent. It is in the form of an affidavit but is in the nature of a protest of a proposed assessment against the affiant as a distributee of

the assets of the decedent whose alleged undischarged tax liability at date of death the respondent here seeks to recover from these petitioners. This protest, or petition, includes a copy of an alleged will of the decedent taxpayer here and of a receipt purporting to evidence the delivery by the affiant of property of a value in excess of $168,000 belonging to the decedent's estate to Herndon and Herndon, attorneys for the executor. It also sets out certain alleged facts, with supporting argument, intended to show that the affiant should not be held liable for all the unpaid Federal tax due from the taxpayer at date of his death in as much as other parties, viz., the petitioners, received $25,000, each, and certain real estate " under the will " of the decedent.

Since the issue here involves the distribution of assets through the administration of an estate in the courts of Louisiana, we are bound to notice that the records of such courts are in existence. In lieu of evidence of probative weight available for the use of the respondent, if it exists, the voluntary statement of a third party is offered.

Reviewed by the Board.

*Decision will be entered for the petitioners.*

MURDOCK and VAN FOSSAN dissent.

---

TRAMMELL, dissenting: Since the affidavit was admitted in evidence, it must be considered as such. I see no reason to doubt the truth thereof. The facts disclosed thereby, uncontradicted and unimpeached, in my opinion are sufficient to meet the burden of proof.